UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  **5:22-cv-01486-FLA (MAA)**  Date: **March 20, 2023**

Title   **Gary M. Gruber v. Kathleen Allison et al.**

Present:   The Honorable MARIA A. AUDERO, United States Magistrate Judge

| Narissa Estrada | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):**   **Order Dismissing First Amended Complaint With Leave to Amend (ECF No. 14)**

## I.   INTRODUCTION

On August 23, 2022, Plaintiff Gary Gruber ("Plaintiff"), a California state inmate, filed a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983").  (Compl., ECF No. 1.)  On October 27, 2022, the District Court granted Plaintiff's application to proceed *in forma pauperis*.  (ECF Nos. 4, 6.)  On January 13, 2023, the Court screened and dismissed the Complaint with leave to amend ("Screening Order").  (Screening Order, ECF No. 10.)

On March 10, 2023, Plaintiff filed a First Amended Complaint ("FAC").  (FAC, ECF No. 14.)  The Court has screened the FAC and, for the reasons stated below, dismisses it with leave to amend.  Plaintiff must respond to this Order no later than **April 19, 2023**, as set forth in Part V of this Order, *infra*.

## II.   ALLEGATIONS AND CLAIMS[1]

The FAC is filed against: (1) David Holbrook, Warden of Chuckawalla Valley State Prison ("Chuckawalla"); (2) Kersten Jordan-Maree, Education Proctor at Chuckawalla; (3) J. Gonzalez, Correctional Captain at Chuckawalla; and (4) R. Montoya, Correctional Counselor at Chuckawalla (each, a "Defendant," and collectively, "Defendants").  (FAC 3–4.)[2]

---

[1] The Court summarizes the allegations and claims in the FAC, without opining on their veracity or merit.

[2] Pinpoint citations are to the page numbers generated by the CM/ECF headings.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **5:22-cv-01486-FLA (MAA)**                                Date: **March 20, 2023**

Title      **Gary M. Gruber v. Kathleen Allison et al.**

On June 13, 2018, Plaintiff filed a grievance against Defendant Jordan-Maree for not allowing Plaintiff to take his final test for Business 105.3.  (*Id*. at 5.)  Plaintiff was enrolled in Palo Verdes College and was on the path to early release due to his diligent work.  (*Id*.)

On July 3, 2018, Plaintiff filed a staff complaint against Defendant Jordan-Maree for being unprofessional and sharing Plaintiff's criminal case file with other inmates, which put Plaintiff at substantial risk of harm.  (*Id*.)  Defendant Holbrook reviews all staff complaints and ignored Plaintiff's staff complaint against Defendant Jordan-Maree.  (*Id*. at 6–7).

On September 17, 2018, Plaintiff was notified that he would appear before a classification committee for transfer.  (*Id*. at 7.)  Plaintiff had no reason to transfer, as he was enrolled in college and was working on milestone credits so he could be released and go back to work, and he already had his annual classification committee.  (*Id*.)  The classification committee and transfer were retaliation for filing the grievance and staff complaint against Defendant Jordan-Maree.  (*Id*.)

As warden of Chuckawalla, Defendant Holbrook is personally responsible for the classification committees and is the chairman of all classification committees.  (*Id*.)  Instead of fixing the constitutional violation at the staff level, Defendant Holbrook transferred Plaintiff.  (*Id*.)

Defendant Montoya is legally responsible for managing Plaintiff's case file and appeared at all of Plaintiff's classification committees.  (*Id*. at 8.)  Defendant Montoya learned of the constitutional wrongdoings and failed to do anything to fix the violation.  (*Id*.)

Defendant Gonzalez participated in Plaintiff's classification committee, is legally responsible to uphold Plaintiff's constitutional rights, learned of the constitutional wrongdoing, and failed to do anything to fix the violation.  (*Id*. at 8–9.)

Based on the foregoing, Plaintiff asserts three claims: (1) an Eighth Amendment claim against Defendant Jordan-Maree for deliberate indifference; (2) an Eighth Amendment claim against Defendants Holbrook, Gonzalez, and Montoya for deliberate indifference; and (3) a First Amendment claim for retaliation against Defendants Holbrook, Gonzalez, and Montoya.  (*Id*. at 5, 9.)  Plaintiff seeks compensatory damages.  (*Id*. at 10.)

**III.   LEGAL STANDARD**

The Court is required to conduct a preliminary screening of any civil action brought by a prisoner, or in which a plaintiff proceeds *in forma pauperis*, and dismiss any claims that are frivolous, malicious, or fail to state a claim upon which relief can be granted.  28 U.S.C.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **5:22-cv-01486-FLA (MAA)**                                  Date: **March 20, 2023**

Title     **Gary M. Gruber v. Kathleen Allison et al.**

§§ 1915A(b), 1915(e)(2)(B).  Dismissal is proper only where a complaint fails to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  In determining whether a plaintiff has stated a claim, the Court accepts as true the factual allegations contained in the complaint and views all inferences in a light most favorable to the plaintiff.  *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017).  The Court does not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).  Moreover, where a plaintiff is appearing *pro se*, particularly in civil rights cases, courts construe pleadings liberally and afford the plaintiff any benefit of the doubt. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).

## IV.     DISCUSSION

"Title 42 U.S.C. § 1983 provides a cause of action against '[e]very person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . .'" *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (alterations in original) (quoting 42 U.S.C. § 1983).  Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  There can be no liability under Section 1983 unless there is an affirmative link or connection between a defendant's actions and the claimed deprivation.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978).

### A.     Eighth Amendment Cruel and Unusual Punishments

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment," which prohibits cruel and unusual punishments.  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Helling v. McKinney*, 509 U.S. 25, 31 (1993)).  A prison official violates the Eighth Amendment only when two requirements are met, one objective and one subjective: (1) "the deprivation alleged must be, objectively, 'sufficiently

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **5:22-cv-01486-FLA (MAA)**                                             Date: **March 20, 2023**

Title   **Gary M. Gruber v. Kathleen Allison et al.**

serious,'"; and (2) "a prison official must have a 'sufficiently culpable state of mind.'"  *Id*. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 297–98 (1991)).

The Eighth Amendment imposes a duty on prison officials to "take reasonable measures to guarantee the safety of the inmates."  *Farmer*, 511 U.S. at 833 (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)).  For claims for failure to prevent harm, the Eighth Amendment two-prong test is as follows: (1) "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm"; and (2) the prison official had a "sufficiently culpable state of mind"—i.e., "'deliberate indifference' to inmate health or safety."  *Id*. at 834.  Deliberate indifference is met only if "the official is subjectively aware of a substantial risk of serious harm to an inmate and disregards that risk by failing to respond reasonably."  *Wilk v. Neven*, 956 F.3d 1143, 1147 (9th Cir. 2020).

Here, the FAC asserts an Eighth Amendment claim against Defendant Jordan-Maree for sharing Plaintiff's criminal case file with other inmates and against Defendants Holbrook, Gonzales, and Montoya for failing to prevent harm to Plaintiff.  (*See generally* FAC.)

   1.   Defendant Jordan-Maree

The FAC alleges that Defendant Jordan-Maree shared Plaintiff's criminal case file with other inmates, that this put Plaintiff at substantial risk of serious harm, that she was aware of the risk of harm to Plaintiff, and that she disregarded it.  (*Id*. at 5–6.)

Sharing Plaintiff's criminal case file with other inmates potentially could satisfy the objective prong of the Eighth Amendment; however, based on the lack of detail in the FAC, it cannot reasonably be inferred that such shared information put Plaintiff at a substantial risk of serious harm from other inmates.

In addition, there are not sufficient non-conclusory allegations from which it could be inferred that Defendant Jordan-Maree acted with deliberate indifference.  As previously explained in the Screening Order (Screening Order 5), "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

For these reasons, the FAC fails to state an Eighth Amendment claim against Defendant Jordan-Maree.  If Plaintiff files an amended complaint with this claim, he must correct these deficiencies or risk its dismissal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **5:22-cv-01486-FLA (MAA)**                                     Date: **March 20, 2023**

Title    **Gary M. Gruber v. Kathleen Allison et al.**

        2.        <u>Defendant Holbrook</u>

The FAC alleges that all staff complaints are reviewed by the warden (Defendant Holbrook), that Defendant Holbrook ignored Plaintiff's staff complaint against Defendant Jordan-Maree for sharing his criminal file with other inmates, and that he failed to do anything in response to the issue. (*Id.* at 6–7.)

As stated in Section IV.A.1 *supra*, the FAC does not sufficiently allege that Defendant Jordan-Maree's sharing of Plaintiff's criminal file with other inmates objectively put Plaintiff at a substantial risk of serious harm.

Moreover, the First Level Response to Plaintiff's staff complaint, attached as an exhibit to the FAC, states that Plaintiff's appeal—including that Defendant Jordan-Maree "looked up [Plaintiff's] file on the computer and shared [Plaintiff's] file information with other inmates"—was "PARTIALLY GRANTED in that an Appeal inquiry into your allegation has been conducted and all issues have been adequately addressed." (FAC 14.) This exhibit appears to indicate that, rather than ignoring the risk and failing to respond, Defendant Holbrook responded to and addressed it. No non-conclusory factual allegations in the FAC indicate otherwise.

For these reasons, the FAC fails to state an Eighth Amendment claim against Defendant Holbrook. If Plaintiff files an amended complaint with this claim, he must correct these deficiencies or risk its dismissal.

        3.        <u>Defendants Gonzalez and Montoya</u>

The FAC alleges that Defendants Gonzalez and Montoya "learn[ed] of the constitutional wrongdoing and fail[ed] to fix the violation." (FAC 8–9.)

As stated in Section IV.A.1 *supra*, the FAC does not sufficiently allege that Defendant Jordan-Maree's sharing of Plaintiff's criminal file with other inmates objectively put Plaintiff at a substantial risk of serious harm.

Moreover, there are no actual factual allegations to support the reasonable inference that Defendants Gonzalez and Montoya were aware that Defendant Jordan-Maree had shared Plaintiff's criminal case file with other inmates. (*See generally* FAC.) As stated in Section IV.A.1 *supra*, "'naked assertion[s]' devoid of 'further factual enhancement'" are insufficient to state a claim. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Without awareness of the danger to Plaintiff, Defendants Gonzalez and Montoya could not have been deliberate indifferent. *See Castro*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **5:22-cv-01486-FLA (MAA)**                                                         Date: **March 20, 2023**

Title      **Gary M. Gruber v. Kathleen Allison et al.**

*v. County of Los Angeles*, 833 F.3d 1060, 1068 (9th Cir. 2016) (explaining that deliberate indifference is met only if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference" (quoting *Farmer*, 511 U.S. at 837)). Furthermore, there are no factual allegations from which it reasonably could be concluded that, even if Defendants Gonzalez and Montoya had been aware that Defendant Jordan-Maree had shared Plaintiff's criminal case file with other inmates, they had the ability or authority to do anything in response. *See Gay v. Esquetini*, No. CV 15-06627-BRO (ASx), 2017 U.S. Dist. LEXIS 232221, at *22 (C.D. Cal. Mar. 9, 2017) (granting motion to dismiss Eighth Amendment claim where "Plaintiff does not allege facts suggesting that Defendant [] had the ability or authority to act in any other way to prevent his harm . . . .").

For these reasons, the FAC fails to state an Eighth Amendment claim against Defendants Gonzalez and Montoya. If Plaintiff files an amended complaint with this claim, he must correct these deficiencies or risk its dismissal.

**B.      First Amendment Retaliation**

When a prisoner claims First Amendment retaliation, he or she must show "(1) 'a state actor took some adverse action . . . (2) because of (3) [the] prisoner's protected conduct, . . . that such action (4) chilled [his] exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.'" *Shepard v. Quillen*, 840 F.3d 686, 688 (9th Cir. 2016) (alterations in original) (quoting *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005)) (footnote omitted)).

Here, the FAC asserts a First Amendment retaliation claim against Defendants Holbrook, Gonzalez, and Montoya for Plaintiff's appearance before the classification committee and transfer to another prison, purportedly in retaliation for submitting a grievance and staff complaint against Defendant Jordan-Maree. (*See generally* FAC.)

1.      Defendant Holbrook

The FAC alleges that all staff complaints are reviewed by the warden (Defendant Holbrook), that Defendant Holbrook was the chairman of all classification committees, that he was responsible for all classification at Chuckawalla, and that Plaintiff's classification committee and transfer were in retaliation for Plaintiff's staff complaints. (*Id*. at 6–7.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **5:22-cv-01486-FLA (MAA)**                                    Date: **March 20, 2023**

Title     **Gary M. Gruber v. Kathleen Allison et al.**

The FAC's conclusory, speculative allegations that the classification committee and transfer were done in "retaliation" are insufficient.  *See Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014) ("[M]ere speculation that defendants acted out of retaliation is not sufficient."); *Peoples v. Schwarzenegger*, 402 F. App'x 204, 205 (9th Cir. 2010) (affirming dismissal of plaintiff's "retaliation claim because his conclusory allegations did not connect any defendant's alleged misconduct with the alleged infringement of his First Amendment rights").  There are no factual allegations by which retaliation can be inferred, other than the timing of the classification committee—a little over two months after Plaintiff submitted the staff complaint.  However, a retaliation claim cannot rely solely on an adverse activity following protected speech.  *See Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (explaining that a retaliation claim cannot rest on "the logical fallacy of *post hoc, ergo propter hoc*, literally, 'after this, therefore because of this'" (citation omitted)).

For these reasons, the FAC fails to state a First Amendment retaliation claim against Defendant Holbrook.  If Plaintiff files an amended complaint with this claim, he must correct these deficiencies or risk its dismissal.

        2.     <u>Defendants Gonzalez and Montoya</u>

As to Defendants Gonzalez and Montoya, the only relevant factual allegations in the FAC are that they were on the classification committee.  (FAC 8–9.)  Other than that, the remaining allegations are wholly conclusory: that the classification committee and transfer were retaliation for Plaintiff's filing a grievance and staff complaint against Defendant Jordan-Maree.  (*Id*. at 7.)

As previously explained in the Screening Order (Screening Order 9), the First Amendment claim against Defendants Gonzalez and Montoya fails because it does not contain sufficient factual detail to support the reasonable inference that there was a causal connection between an allegedly adverse action (Plaintiff's classification committee and transfer from Chuckawalla) and Plaintiff's protected conduct (filing prison grievances).  As discussed in Section IV.B.1 *supra*, the FAC's conclusory, speculative allegations that the classification committee and transfer were done in "retaliation" are insufficient.  Indeed, there are no allegations to suggest that Defendants Gonzales and Montoya had any knowledge of Plaintiff's grievances, without which they could not have retaliated against Plaintiff.  *See, e.g., Yordy*, 753 F.3d at 905 (concluding that there was no retaliation claim where there was no indication that defendants knew about the earlier lawsuit or that claimed actions were in retaliation for the earlier suit); *Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995) (concluding that inmate failed to establish retaliation claim where there was no evidence that prison officials knew of the conduct giving rise to the alleged retaliatory action).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   **5:22-cv-01486-FLA (MAA)** | Date: **March 20, 2023** |
| Title   **Gary M. Gruber v. Kathleen Allison et al.** | |

For these reasons, the FAC fails to state a First Amendment retaliation claim against Defendants Gonzalez and Montoya. If Plaintiff files an amended complaint with this claim, he must correct these deficiencies or risk its dismissal.

**V.     CONCLUSION**

In light of the foregoing, the Court **DISMISSES** the FAC with leave to amend. **Plaintiff is ordered to file a response to this Order, electing to proceed with one of the following options, by no later than April 19, 2023.**

- Option 1: File a Second Amended Complaint

    Plaintiff may file a signed Second Amended Complaint ("SAC") that cures the defects discussed in this Order. Plaintiff is cautioned that if he continues to raise allegations in any amended complaint that fail to state a claim upon which relief can be granted, the Court likely will not order that the SAC be served on any defendant, but instead likely will recommend to the District Judge that the deficient claims and defendants be dismissed without further leave to amend.

    Plaintiff is reminded to provide a short, plain statement of what happened, identify his claims against each defendant, and clearly describe each defendant's wrongful conduct. Plaintiff should clearly identify each defendant being sued and the capacity in which Plaintiff is suing each defendant. Plaintiff should state specific facts meeting the legal standard for each claim he is bringing. **Plaintiff is encouraged to use the attached Central District civil rights complaint form when filing the amended complaint.**

    Plaintiff is advised that an amended complaint supersedes the prior complaint. This means that the filing of a SAC entirely supplants or replaces the original or any prior complaint, which is treated thereafter as nonexistent. Thus, the SAC must be complete in itself including exhibits, without reference to the Complaint. *See* C.D. Cal. L.R. 15-2. Plaintiff must name all Defendants and allege claims against each of them in one complaint. Therefore, the SAC, if Plaintiff chooses to file one, must contain all claims Plaintiff intends to bring in this action against all Defendants he intends to sue.

    Plaintiff is advised that this Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of the claim. Accordingly, although the undersigned Magistrate Judge believes Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **5:22-cv-01486-FLA (MAA)**                                   Date: **March 20, 2023**

Title      **Gary M. Gruber v. Kathleen Allison et al.**

has failed to plead sufficient factual matter in the pleading, accepted as true, to state a claim for relief that is plausible on its face, Plaintiff is not required to omit any claim or Defendant in order to pursue this action.  However, if Plaintiff decides to pursue a claim in an amended complaint that the undersigned previously found to be insufficient, then pursuant to 28 U.S.C. § 636, the undersigned ultimately likely will submit to the assigned District Judge a recommendation that such claim may be dismissed with prejudice for failure to state a claim, subject to Plaintiff's right at that time to file objections.  *See* Fed. R. Civ. P. 72(b); C.D. Cal. L.R. 72-3.

- Option 2: Proceed with the FAC

    Plaintiff may proceed with the FAC in its current form.  To do so, Plaintiff must file a statement with the Court stating that he wishes to select Option 2 and request that the Court reinstate the FAC, despite the infirmities described in this Order.

    Plaintiff is cautioned that, for the reasons detailed in this Order, the Complaint likely will be found to be insufficiently pled.  If Plaintiff selects Option 2, it will be viewed by the Court as the inability to cure the defects identified in this Order.  As such, the Court would recommend dismissal with prejudice of the deficient claims and Defendants to the District Judge.  Dismissal with prejudice means that Plaintiff will be given no further opportunities to amend and Plaintiff will not be able to assert this same claim in a new case.

- Option 3: Voluntary Dismissal

    Plaintiff is not required to file an amended complaint, especially since a complaint dismissed for failure to state a claim without leave to amend may count as a "strike" for purposes of the *in forma pauperis* statute, 28 U.S.C. § 1915(g).[3]  If Plaintiff no longer wishes to pursue this action in its entirety or with respect to particular Defendants, he voluntarily may dismiss this action or particular Defendants by filing a Notice of

---

[3] Inmates who have accumulated three of more "strikes" are not permitted to bring a civil lawsuit or appeal a judgment in a civil action *in forma pauperis*—that is, without prepayment of the filing fee—unless the inmate is under imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).  Instead, inmates with three or more "strikes" generally must pay their full filing fee upfront in order to file a civil lawsuit or appeal a civil judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No.  **5:22-cv-01486-FLA (MAA)**    Date: **March 20, 2023**

Title  **Gary M. Gruber v. Kathleen Allison et al.**

Dismissal in accordance with Rule 41(a)(1) (a Notice of Voluntary Dismissal form is attached).

**Plaintiff is cautioned that failure to respond to this Order may result in a recommendation that the lawsuit be dismissed without prejudice for failure to prosecute and/or failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).** *See* C.D. Cal. L.R. 41-1.

**IT IS SO ORDERED.**

Attachments
Notice of Voluntary Dismissal Form
Civil Rights Complaint Form (CV-66)