FULL NAME: GARY M. GRUBER

COMMITTED NAME (if different):

FULL ADDRESS INCLUDING NAME OF INSTITUTION: 11344 Valle Vista Road, Lakeside, CA. 92040

PRISON NUMBER (if applicable): AW9892

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAY 17 2023

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

GARY M. GRUBER
        PLAINTIFF,
v.
Kathleen Allison et al.,
        DEFENDANT(S).

CASE NUMBER: 5:22-CV-01486-FLA(MAA)
*To be supplied by the Clerk*

**CIVIL RIGHTS COMPLAINT**
**PURSUANT TO** *(Check one)*
☑ 42 U.S.C. § 1983  Second Amended Complaint
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

### A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☑ Yes ☐ No

2. If your answer to "1." is yes, how many? __one__

   Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

   Deliberate indifference of Serious harm.

a. Parties to this previous lawsuit:
   Plaintiff _GARY M. GRUBER_

   Defendants _Ray Bon Johnson et al.,_

b. Court _United States District Court_
   _Central District of California_

c. Docket or case number _2:23-CV-01824-FLA-MAA_

d. Name of judge to whom case was assigned _Magistrate Judge Maria A. Audero_

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) _Still pending_

f. Issues raised: _Deliberate indifference of serious harm_

g. Approximate date of filing lawsuit: _3-16-2023_

h. Approximate date of disposition _____

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred?  ☑ Yes   ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☑ Yes   ☐ No

   If your answer is no, explain why not _____

3. Is the grievance procedure completed? ☑ Yes   ☐ No

   If your answer is no, explain why not _____

4. Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff _GARY M. GRUBER_
(print plaintiff's name)
who presently resides at _Chuckawalla Valley State Prison, P.O. Box 2349, Blythe, CA_,
(mailing address or place of confinement)
were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at
_Chuckawalla Valley State Prison  Blythe, CA. 92226_
(institution/city where violation occurred)

---

CV-66 (7/97)   **CIVIL RIGHTS COMPLAINT**   Page 2 of 6

on (date or dates) __6-13-2018__, __7-3-2018__, __9-17-2018__.
  (Claim I)   (Claim II)   (Claim III)

NOTE: You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1. Defendant __Kersten Jordan-Maree__ resides or works at
   (full name of first defendant)
   __Chuckawalla Valley State Prison, P.O. Box 2349, Blythe, Ca. 92226__
   (full address of first defendant)
   __College Proctor at Chuckawalla Valley State Prison__
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☑ individual ☐ official capacity.

   Explain how this defendant was acting under color of law:
   Defendant Kersten Jordan-Maree is the College Proctor at Chuckawalla Valley State Prison and at all times acting under color of law.

2. Defendant __David Holbrook__ resides or works at
   (full name of first defendant)
   __Chuckawalla Valley State Prison, P.O. Box 2349, Blythe, Ca. 92226__
   (full address of first defendant)
   __Warden at Chuckawalla Valley State Prison__
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☑ individual ☐ official capacity.

   Explain how this defendant was acting under color of law:
   Defendant David Holbrook, is the Warden at Chuckawalla Valley State Prison and at all times acted under color of law.

3. Defendant __J. Gonzalez__ resides or works at
   (full name of first defendant)
   __Chuckawalla Valley State Prison, P.O. Box 2349, Blythe, Ca. 92226__
   (full address of first defendant)
   __Correctional Captain at Chuckawalla Valley State Prison__
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☑ individual ☐ official capacity.

   Explain how this defendant was acting under color of law:
   Defendant J. Gonzalez is a Correctional Captain at Chuckawalla Valley State Prison and at all times acted under color of law.

4. Defendant **R. Montoya** (full name of first defendant) **Chuckawalla Valley State Prison, P.O. Box 2349, Blythe, CA. 92226** (full address of first defendant) resides or works at **Correctional counselor at Chuckawalla Valley State Prison** (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☑ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:
**Defendant R. Montoya is a correctional counselor at Chuckawalla Valley State Prison and at all times acted under color of law**

5. Defendant _____
   (full name of first defendant)
   _____ resides or works at
   (full address of first defendant)
   _____
   (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:
_____
_____

**D. CLAIMS\***

**CLAIM I**

The following civil right has been violated:

This is a Civil Rights Action Filed by GARY M. GRUBER a State Prisoner, For Damages under 42 U.S.C. § 1983, alleging Substantial Risk of Serious harm to an inmate.

The Plaintiff is alleging Violations under the eighth amendment of (1) Deliberate Indifference; (2) Cruel and unusual Punishment; (3) Unsafe Living Conditions.

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

1) On June 13, 2018, Plaintiff Filed a Grievance on Defendant Kersten Jordan-Maree for not allowing Plaintiff to take his Final Test For Business, Plaintiff was enrolled in Palo Verdes College and was on a Path to early Release due to his Diligent work.

2) On July 3, 2018, Plaintiff Filed a Staff complaint against Defendant Kersten Jordan-Maree For Sharing Plaintiff's Criminal Case File with other inmates putting Plaintiff at a Substantial Risk of Serious harm.

3) Plaintiff is a Sex offender and the only Reason Defendant Kersten Jordan-Maree was Sharing Plaintiff's confidential information about his Criminal history with other inmates was to get Plaintiff Assaulted.

*\*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

4) Defendant Kersten Jordan-Maree was very much aware of the substantial risk of serious harm by sharing that Plaintiff was a sex offender with other inmates.

5) Defendant Kersten Jordan-Maree's only objective by sharing the Plaintiff's confidential criminal history that he was a sex offender was to get him assaulted by other inmates.

6) It is highly illegal and dangerous for a prison staff member to look up a sex offenders offense and report it to other inmates.

7) The illegal and Dangerous behavior of Defendant Kersten Jordan-Maree who disclosed Plaintiff's confidential criminal history that he is a sex offender with other inmates put Plaintiff at a substantial risk of serious harm and maybe even death.

8) This willful, wanton, Reckless and outrageous conduct by Defendant Kersten Jordan-Maree is a Disregard to the health, safety, and well-being of the Plaintiff and is a gross violation of Plaintiff's rights that are secured by the constitution and laws of the United States.

9) Defendant David Holbrook, is the Warden at Chuckawalla Valley State Prison, He is Legally Responsible for the operation of Chuckawalla Valley State Prison and the welfare of the Plaintiff, and at all times acted under color of law.

10) Defendant, David Holbrook's personal involvement in violating Plaintiff's Rights was unlawfully and willfully ignoring the Plaintiff's Staff Complaint that was filed against Defendant K. Jordan-Maree for sharing Plaintiff's confidential criminal history that he was a Sex offender with other inmates.

11) California has Laws and the Plaintiff has Rights that are secured by the Constitution and Laws of the United States that require prison staff members to protect the safety of all inmates, including those who have been convicted of Sex offense.

12) Defendant, David Holbrook personally knew of Defendant K. Jordan-Maree unprofessional, Dangerous and outrageous conduct of sharing Plaintiff's confidential information of his criminal history that he is a Sex offender with other inmates and failed to do anything to fix the illegal acts.

13) There is no way... Defendant David Holbrook (Did) not know of Defendant's K. Jordan-Maree Dangerous and outrageous conduct of sharing Plaintiff's criminal history that he was a Sex offender... Because Firstly Defendant David Holbrook is the Warden of Chuckawalla Valley State Prison and Secondly Defendant David Holbrook Review's (all) Staff Complaints.

14) Instead of Fixing The constitutional Violation The Defendant David Holbrook ignored The Fact That Defendant K. Jordan-Maree was Sharing Plaintiff's confidential criminal history That he was a Sex offender with other inmates, and Instead Retaliated against The Plaintiff and Transferred him.

15) This Retaliation Transfer put Plaintiff on a Three year Bus Ride To Three different prison's and The Third prison was a level 4 prison where Plaintiff was Assaulted.

16) This willful, wanton, Reckless and outrageous conduct by Defendant David Holbrook is a gross Violation of Plaintiff's constitutional Rights that are Secured by The constitution and The Laws of The United States.

17) This Court Stated in its order Dismissing The First amended complaint with Leave To amend Stated That without awareness of The Danger To Plaintiff, Defendant Gonzalez and Montoya could not have been Deliberate Indifferent.

18) There is no way--- Defendant Gonzalez or Montoya did not Know That Defendant K. Jordan-Maree was Sharing Plaintiff's confidential criminal history That he was a Sex offender with other inmates.

19) Firstly, Defendant J. Gonzalez is a Correctional Captain at Chuckawalla Valley State Prison, and it is his Job --- Literally to know what is going on at his prison.

20) Secondly, it is Defendant J. Gonzalez's Job as a Correctional Captain at Chuckawalla Valley State Prison to appear at all Classification Committees and to know why an inmate is being Transferred.

21) Thirdly, There is no way --- Defendant J. Gonzalez (Did) not know that he had a Staff member Disclosing Plaintiff's Confidential Criminal history that he is a Sex offender to other inmates, Because that is a very dangerous Situation that put Plaintiff a Risk of Violence and the Staff member being Charge with Criminal Activity.

22) Defendant J. Gonzalez's personal involvement in Violating Plaintiff's Constitutional Rights is Directly participating in the Classification Committee and Learning of the Constitutional Wrongdoing and Failing to do anything to fix the Violation.

23) This willful, wanton, Reckless and outRageous Conduct by Defendant J. Gonzalez is a gross Violation of Plaintiff's Constitutional Rights that are Secured by the Constitution and Laws of the United States.

24) Defendant R. Montoya is a Correctional Counselor at Chuckawalla Valley State Prison and is legally Responsible For managing Plaintiff's case file, That includes his Criminal history and The Staff complaint Plaintiff Filed on Defendant K. Jordan-Maree, and To appear at all of Plaintiff's Classification Committee's.

25) There is no way--- Defendant R. Montoya did not know of the danger To Plaintiff due to Defendant K. Jordan-Maree Sharing Plaintiff's Criminal history That he was a Sex offender with other inmates. It is his Job as Plaintiff's Correctional Counselor To know Plaintiff's case file and why he is being Transferred.

26) Defendant R. Montoya's personal involvement in Violating Plaintiff's Constitutional Rights is Learning of The Retaliation Transfer and Failing To do anything To Fix The Violation.

27) This Willful, Wanton, Reckless and outrageous conduct by Defendant R. Montoya is a gross Violation of Plaintiff's Constitutional Rights That are Secured by The Constitution and The Laws of The United States.

28) on 5-25-2021 The Plaintiff, After a Three year bus Ride That Sent him To Three different Prisons From The Retaliation Transfer Plaintiff was back at Chuckawalla Valley State Prison.

29) On 6-2-2021 Plaintiff went to a Classification Committee, In the Room was Correctional Counselor S. Contreras, Recorder A. Mercadi, and Chairperson Captain S. Richards.

30) After all of their statements, I was asked if I had any questions, Plaintiff stated that he would like to get his Bachelor's degree in ministry put in his C-File, because he has been moved around alot in the last three years and that he has not been able to do that.

31) At that point Captain Richards cut plaintiff off and stated, Do you know why you have been moved around alot? The Plaintiff stated no, Then Captain Richards stated, you have been moved around alot because you are a complainer as you are doing now.

32) Captain Richards asked the Plaintiff if he wanted to be moved around somemore, and Then Captain Richards stated, If you keep complaining I'll make your Life Hell here.

33) Captain Richards then stated, I well move you as soon as you settle in, I'll move you from yard to yard, what you need to do is shut up, say Thank you, and get out.

34) The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the eighth Amendment, which prohibits cruel and unusual punishments. Farmer v. Brennan, 511 U.S. 825, 832 (1994) also see Helling v. McKinney, 509 U.S. 25, 31 (1993)

35) A prison official violates the eighth amendment when two requirements are met, one objective and one subjective: (1) The deprivation alleged must be, objectively, sufficiently serious, and (2) a prison official must have a sufficiently culpable state of mind see Wilson v. Seiter, 501 U.S. 294, 297-98 (1991)

36) The eighth amendment also imposes a duty on prison officials to take reasonable measures to guarantee the safety of the inmates, see Hudson v. Palmer, 468 U.S. 517, 526-27 (1984), also see Leary v. Livingston County Jail, 528 F.3d 438, 442 (7th Cir. 2008), also Snider v. Dylag, 188 F.3d 51, 55 (2d Cir. 1999)

## Legal Claims

37) Defendant Kersten Jordan-Maree has violated Plaintiff's eighth amendment rights because she was subjectively and objectively aware of the substantial risk of serious harm to Plaintiff by sharing his confidential criminal

history that he was a Sex offender with other inmates.

38) Defendant's David Holbrook, R. Montoya and J. Gonzalez all Directly Participated in The Retaliation against The Plaintiff.

## Jury Demand

39) The Plaintiff is Respectfully Demanding a Jury Trial.

40) This Case will Require Discovery of Documents and Depositions of a number of witnesses.

41) Award Compensatory Damages in The Following Amounts:

(1) $100,000 Jointly and Severally against Defendant Keirsten Jordan-Maree for Violating Plaintiff's Eighth Amendment Rights, and Defendant's David Holbrook's, R. Montoya and J. Gonzalez.

42) Award Punitive damages in the following Amounts:

(1) $75,000 against Defendant's Kersten Jordan-Maree, J. Gonzalez, D. Holbrook, and R. Montoya for Violating the Plaintiff's constitutional Rights that are secured by the Constitution and Laws of the United States.

43) Grant such other Relief as it may appear the Plaintiff is entitled.

Respectfully Submitted,

Plaintiff

Date: 5-17-2023

Gary M. Gruber