UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY M. GRUBER,<br><br>  Plaintiff,<br><br>  v.<br><br>KATHLEEN ALLISON et al.,<br><br>  Defendants. | Case No. 5:22-cv-01486-FLA (MAA)<br><br>**SCHEDULING ORDER** |

This Order governs discovery and pretrial motions.  The Court will issue another scheduling Order, if necessary, after the expiration of the dates set forth in this Order.

I.  **Summary of Deadlines**

| | |
|---|---|
| **04/25/2024** | Status report due |
| **04/25/2024** | Stipulation/motion to amend pleadings, including to add parties |
| **06/25/2024** | Fact discovery cut-off (including resolution of all fact discovery motions) |

(Revised June 2023)

| | | |
|---|---|---|
| **07/02/2024** | Settlement conference cut-off |
| **07/02/2024** | Expert disclosure - initial |
| **07/16/2024** | Expert disclosure - rebuttal |
| **07/30/2024** | Expert discovery cut-off (including resolution of all expert discovery motions) |
| **08/27/2024** | All other motions cut-off |

## II. Discovery

Discovery is the process by which the parties request information from each other about their claims and defenses. A party may serve interrogatories (written questions), requests for admissions of facts, and document requests in compliance with the Federal Rules of Civil Procedure. A party may also conduct depositions, which are question-and-answer sessions recorded by a court reporter. **Each party must bear the cost of conducting discovery.** The Court is not involved in the discovery process; Federal Rule of Civil Procedure 5(d) prohibits filing discovery disclosures with the Court unless required for use in a proceeding or motion.

All fact discovery in this action must be completed on or before **June 25, 2024**.

Initial disclosure of experts must be completed on or before **July 2, 2024**. Disclosure of rebuttal experts must be completed on or before **July 16, 2024**. All expert discovery in this action must be completed on or before **July 30, 2024**.

All discovery must be served in sufficient time in advance of this discovery cut-off date so that responses will be due, in the normal course, before the discovery cut-off date. No discovery may be conducted after that date without prior approval of the Court for good cause shown.

Discovery taken by oral deposition is complete when questioning ceases. Discovery taken by written request (deposition upon written questions, interrogatories, requests for production of documents and things, and requests for

admissions) is complete upon the date when the written response to the request is due, pursuant to the Federal Rules of Civil Procedure. All depositions of a party shall be scheduled to commence at least fourteen (14) calendar days after service of the Notice of Deposition and at least seven (7) court days before the discovery cut-off date.

Except as otherwise specifically provided in this Order, discovery is governed by the Federal Rules of Civil Procedure, applicable Local Civil Rules of the Court, and Magistrate Judge Maria A. Audero's Requirements ("Judge's Requirements") (attached). *Pro se* litigants are entitled to discovery to the same extent as are litigants represented by counsel. However, the Court may order a complete or partial stay of discovery in appropriate circumstances, including when a defense of qualified immunity is raised.

### III. Motions

#### A. Amend Pleading

The deadline to file any stipulation or motion to amend the pleadings, including to add parties, is **April 25, 2024**.

#### B. Discovery

The discovery motion cut-off date for fact discovery is **June 25, 2024** and for expert discovery is **July 30, 2024**; this is the last date by which all discovery motions must be **resolved**. Discovery motions may not be filed until the Court has conducted a pre-motion telephonic conference.

Because Plaintiff is in custody and proceeding *pro se*, compliance with the requirements of the Court's Mandatory Telephonic Conference for Discovery Disputes, as stated at paragraph 4 of the Judge's Requirements, is not required. Instead, the Court orders as follows: To request a pre-motion discovery conference, the requesting party must submit to the Court and serve the other party a short summary of the discovery dispute, the party's position, and specific relief sought

("Request"). Any Opposition must be submitted to the Court and served on the other party within seven (7) days after service of the Request. Both the Request and Opposition must be submitted using the attached Request for Informal Discovery Conference form. Submissions to the Court of either a Request or Opposition thereto shall be made in the following manner: (i) Plaintiff shall send submissions by mail; and (ii) Defendant shall email submissions to MAA_Chambers@cacd.uscourts.gov and shall include at least three (3) proposed dates and times during which the prison and Defendants are available for the pre-motion discovery conference.

### C. Other Motions

All other motions, including but not limited to motions for summary judgment, shall be filed and served on or before **August 27, 2024**. Any opposition to the motion must be filed and served within thirty (30) days after service of the motion. Any reply must be filed and served within fourteen (14) days after service of the opposition. Motions will be considered on the papers unless otherwise ordered by the Court.

No party may file more than one motion pursuant to Federal Rule of Civil Procedure 56, regardless of whether such motion is a motion for summary judgment or motion for partial summary judgment, without prior leave of the Court.

**With the exception of a motion for summary judgment, failure to timely file an opposition to a motion may be deemed by the Court to constitute the non-moving party's consent to the granting of the relief sought, pursuant to Local Civil Rule 7-12.**

THE FACT THAT A MOTION FOR SUMMARY JUDGMENT OR ANY OTHER MOTION IS PENDING BEFORE THE COURT DOES NOT STAY DISCOVERY OR RESULT IN AN AUTOMATIC CONTINUANCE OF ANY OF THE DATES SET IN THIS ORDER. THE PARTIES ARE ADVISED THAT THEY ARE TO PROCEED WITH DISCOVERY AND ALL OTHER MATTERS

PERTAINING TO THE CASE WHILE A MOTION IS PENDING BEFORE THE COURT.  REQUESTS FOR CONTINUANCES OF THE DISCOVERY CUT-OFF DATES OR MOTION CUT-OFF DATES WILL BE STRONGLY DISFAVORED IF IT IS CLEAR TO THE COURT THAT THE PARTIES DID NOT PROCEED TO PROSECUTE OR DEFEND THE CASE WITH DILIGENCE.

In the event Defendant files a summary judgment motion, the Court advises all parties, including Plaintiff, to read and become familiar with Federal Rule of Civil Procedure 56.  This Order includes notice to Plaintiff of the meaning and consequences of summary judgment pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact in dispute—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in Defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.

*Id*. at 962–63.

In addition, Central District of California Local Civil Rule 56 requires the following:

///

***L.R. 56-1 Documents Required From Moving Party.*** A party filing a notice of motion for summary judgment or partial summary judgment must file a separate "Statement of Uncontroverted Facts." This Statement must set forth the material facts as to which the moving party contends there is no genuine dispute. Each such fact must be numbered and must be supported by pinpoint citations (including page and line numbers, if available) to evidence in the record. A party seeking summary judgment must lodge a proposed Judgment; a party seeking partial summary judgment must lodge a proposed Order.

***L.R. 56-2 Statement of Genuine Disputes of Material Fact by Opposing Party.*** Any party who opposes a motion for summary judgment or partial summary judgment must serve and file with the opposing papers a separate "Statement of Genuine Disputes" setting forth all material facts as to which it is contended there exists a genuine dispute necessary to be litigated. This Statement must include two columns, setting forth in the left-hand column every fact included in the moving party's Statement of Uncontroverted Facts (in the same order, using the same numbers, and with all citations to the supporting evidence identified by the moving party) and indicating for each such fact in the right-hand column whether the opposing party contends that a genuine dispute necessary to be litigated exists as to that fact. For each disputed fact, the Statement of Genuine Disputes must provide pinpoint citations (including page and line numbers, if available) to evidence in the record that supports the claim that the fact is disputed.

***L.R. 56-3 Response to Statement of General Disputes of Material Fact.*** Any moving party who files a reply to an opposition to a motion for summary judgment or partial summary judgment must file a "Response to Statement of Genuine Disputes," which must include every fact included in the opposing party's Statement of Genuine Disputes (in the same order, using the same numbers, and with all citations to the supporting evidence identified by either the moving or opposing party), and, for facts disputed by the opposing party, the moving party's response (with pinpoint citations

6

including page and line numbers, if available, to evidence in the record) to rebut the existence of a genuine dispute. This Response to Statement of Genuine Disputes must be in substantially the following format:

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| 1. The accident occurred on June 1, 2013, at 1:30 p.m.<br><br>*Evidence*: Declaration of John Smith ("Smith Decl.") Ex. A (6/3/13 Def. Dep.) 5:5–10; Smith Decl. Ex. B (Witness A Decl.) ¶ 3. | 1. Undisputed |
| 2. The signal light was green in Defendant's direction when she entered into the intersection and immediately before Plaintiff's vehicle "ran" the red light and struck Defendant's truck.<br><br>*Evidence*: 6/3/13 Def. Dep. 6:7–9. | 2. Disputed.<br><br>Immediately before the accident, the light was green in Plaintiff's direction and Defendant ran the red light.<br><br>*Evidence*: Declaration of William Jones ("Jones Decl.") Ex. A (6/8/13 Pl. Dep.) 10:2–5. |
| 2. Moving Party's Response<br><br>In the section of the deposition cited by Plaintiff, Plaintiff merely states that he "believe[s]" that the light was green when he drove into the intersection. Later in his deposition, he admitted that he had consumed a large amount of beer prior to the accident so he "do[esn't] clearly recall" whether the light was green. *See* 6/8/13 Pl. Dep. 12:5-13:12. | |
| 3. [etc.] | |

**L.R. 56-4 Determination of Motion.** In determining any motion for summary judgment or partial summary judgment, the Court may assume that the material facts as claimed and adequately

7

supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the Statement of Genuine Disputes and (b) controverted by declaration or other written evidence filed in opposition to the motion. The Court is not obligated to look any further in the record for supporting evidence other than what is actually and specifically referenced in the Statement of Uncontroverted Facts, the Statement of Genuine Disputes, and the Response to Statement of Genuine Disputes.

C.D. Cal. L.R. 56.

**IV.　Settlement**

Either party may send the other party a settlement offer or demand at any time. The parties must participate in a settlement conference on or before **July 2, 2024**.

**V.　Status Report**

Each party shall file and serve a Status Report on or before **April 25, 2024**. The Status Report shall contain the following information:

　　A.　A description of the principal legal and factual issues raised in this case;

　　B.　A summary of the discovery conducted in this case to date and of the status of discovery, including any pending or anticipated discovery disputes and discovery motions, and a summary of any discovery remaining to be completed;

　　C.　A brief description of any motions remaining to be made and their anticipated filing date(s); if Defendants do not intend to file a dispositive motion, Defendants shall inform the Court;

　　D.　The number of anticipated percipient and expert witnesses anticipated to testify at trial;

    E.    An estimate of the time likely to be required for trial;

    F.    A statement as to whether trial by jury is desired and has been properly requested;

    G.    A discussion of the likelihood of settlement and a statement of whether settlement discussions have taken place or are scheduled; and

    H.    Any other special factors applicable to the progress of this case.

## VI. **Voluntary Dismissal**

If at any point during the case Plaintiff determines that it would be appropriate to dismiss the lawsuit in its entirety, or some or all claims in their entirety against any Defendant(s), Plaintiff can file a Notice of Dismissal (form attached).

## VII. **Compliance with Federal Rules of Civil Procedure, Local Rules of Court, and Judge's Requirements**

All parties must comply with the Federal Rules of Civil Procedure, the Local Civil Rules of the Court, and the Judge's Requirements, unless otherwise ordered by the Court.  All counsel, and unrepresented parties whether or not in custody, are bound by Federal Rule of Civil Procedure 11.

Because Plaintiff is in custody and proceeding *pro se*, compliance with the following Local Civil Rules is not required, unless otherwise ordered by the Court: Rule 7-3; Rule 7-14; Rule 7-15; Rule 16-2 (only to the extent that it requires the parties to meet in person); Rule 26-1; Rule 37-1; Rule 37-2; and Rule 65-1 (only to the extent that it requires motions for temporary restraining orders or preliminary injunctions to be set for hearing).

Plaintiff must keep the Court advised of his/her current address at all times. During the pendency of the action, if there are changes to Plaintiff's address, telephone number, or e-mail address, Plaintiff immediately must provide the Court

with the new address, telephone number, and e-mail address, and their effective date.  Any failure by Plaintiff to comply with a court order because Plaintiff did not receive the order due to his/her failure to inform the Court of his/her current address may result in the action being dismissed for failure to prosecute.  *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988); C.D. Cal. L.R. 41-6.

**Failure to comply with any of the provisions of this Order may result in a recommendation that this action be dismissed with prejudice.**

IT IS SO ORDERED.

DATED: January 25, 2024

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE

Attachments
Judge Audero's Requirements
Request for Informal Discovery Conference (Prisoner Cases) (form)
Notice of Dismissal (form)